NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISAIAS GUTIERREZ NUNEZ, : | **Hon. Dennis M. Cavanaugh** |
| Petitioner, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 05-6000 (DMC) |
| UNITED STATES OF AMERICA, : | Criminal No. 03-490 (DMC) |
| : | |
| Respondent. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court on a petition for writ of habeas corpus relief by Isaias Gutierrez Nunez ("Petitioner"), pursuant to 28 U.S.C. § 2255 to vacate, set aside, or otherwise correct his sentence. This petition is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. After careful consideration of the pleadings submitted in support thereof, and the papers submitted in opposition thereto, by Grace H. Park, Assistant United States Attorney ("Respondent"), on behalf of Christopher J. Christie, United States Attorney for the District of New Jersey, and for the reasons set forth below, Petitioner's request is **denied**. Additionally, the petition for writ of habeas corpus relief is **dismissed**.

I. BACKGROUND

Petitioner was arrested on or about September 27, 2003, on an outstanding arrest warrant for organizing a narcotics trafficking conspiracy. (Respondent's Answer ("R. Ans.") at 1). Approximately six months prior to Petitioner's arrest, law enforcement officers began to intercept phone calls involving Petitioner negotiating deals and directing co-conspirators on the

pricing and trafficking of narcotics. (R. Ans. at 2). In September of 2003, law enforcement officers learned that Petitioner was directing Elias Mancha and Gabriel Ontiveros to transport a shipment of narcotics in a green Dodge minivan on Interstate 80. (Id.) On or about September 26, 2003, agents identified the vehicle and performed a routine stop that uncovered more than 5 kilograms of cocaine and a quantity of amphetamine. (Id.) In addition to the narcotics seized, Petitioner was also involved in at least five prior narcotics transactions involving at least 55 kilograms of cocaine. (Id.)

On July 1, 2003, a federal grand jury returned a one-count indictment charging Petitioner with knowingly and intentionally conspiring to possess and distribute more than 5 kilograms of a mixture, or substance, containing cocaine from August 2002, through June 2003, in violation of 21 U.S.C. § § 841(a) and 841(b)(1)(A), in violation of 21 U.S.C. § 846. (R. Ans. at 3). On January 13, 2004, a federal grand jury returned a one-count indictment adding Dennis Rosario and Olivio Nunez as Defendants. (Id.) On April 30, 2004, Petitioner plead guilty to the one-count superceding indictment pending against him, and on March 21, 2005, Petitioner was sentenced to one hundred sixty-eight months of imprisonment, five years supervised release, and a special assessment of $100. (Id.)

On December 29, 2005, Petitioner filed a motion for relief pursuant to 28 U.S.C. § 2255, arguing his defense counsel, Mr. Lauriano Guzman, was ineffective because he failed to argue: (1) for a downward departure under the "safety valve" provision of U.S.S.G. § 5C1.2; (2) for a downward departure based on Petitioner's purported minor role in the conspiracy under U.S.S.G. § 3B1.2; and (3) for a mandatory guideline sentence under U.S. v. Booker, 125 S. Ct. 738 (2005). (Petitioner's Brief ("Pet. Br.") at 4-7). Petitioner further argued that he is entitled to an

evidentiary hearing to prove facts supporting his claim of ineffective assistance of counsel. (Pet. Br. at 7).  On March 1, 2006, Petitioner filed a motion to amend and supplement his original 2255 motion to add grounds for relief.  In this supplemental petition, Petitioner claims his counsel was ineffective for allowing him to plead guilty to a drug quantity the government was incapable of proving beyond a reasonable doubt had the case gone to trial and without obtaining a lab report which would have revealed the actual quantity seized was less than the amount to which he pled.  (R. Ans. at 4).

## II. DISCUSSION

### A. Ineffective Assistance of Counsel

A petitioner must meet a high standard in order to achieve success on a claim for ineffective assistance of counsel.  A petitioner making such a claim must first show his attorney's performance was deficient.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To prove deficiency, a petitioner must prove the errors committed by his lawyer were so serious that her attorney failed to function as "counsel" guaranteed by the Sixth Amendment.  Id.  Second, a petitioner must show that his attorney's deficient performance actually prejudiced his defense.  In order to demonstrate this, a petitioner must show his counsel's errors were so egregious, that the petitioner was deprived of a fair trial.  Id.   A trial is considered fair if the result is reliable.  Id.

A court will consider a lawyer's performance effective if his performance appears reasonable under the prevailing professional norms.  Id. at 688.  Reasonableness is determined by examining a lawyer's performance and considering the information available to the attorney at the time of the trial.  Zettlemoyer v. Fulcomer, 923 F.2d 284, 296 (3d Cir. 1991).  An attorney's performance is not judged by "the distorted lense of hindsight."  Id.  The reviewing court should

"indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and must not second-guess decisions the lawyer made during the trial. Strickland, 466 U.S. at 689.

Here, Petitioner argues that the "acts and omissions of his attorney were so egregious that Petitioner was denied effective assistance of counsel guaranteed under the Sixth Amendment to the United States Constitution." (Pet. Br. at 4). Petitioner fails to carry the heavy burden described above. Petitioner has not shown how these alleged omissions were so severe as to prejudice his defense, nor has he shown how his attorney's conduct was unreasonable at the time. Further, it was not unreasonable for his attorney to choose not to advance an argument for downward departure under U.S.S.G. § § 5C1.2 or 3B1.2, as the pre-sentence investigation report ("PSR") clearly states Petitioner organized the narcotic conspiracy barring him from possible redress under both statutes. This seems to have been a tactical move by the attorney in an effort to avoid the possible four point increase to Petitioner's offense level, which would have been awarded had such evidence been presented. (R. Ans. at 8-9). The fact that Petitioner no longer agrees with his attorney's decision does not make it an egregious omission.

It was also not unreasonable for his attorney to decide against raising the argument for a mandatory sentence guideline, as the Court clearly stated that it knew the guidelines were advisory. (R. Ans. at 7 and 10). Since Petitioner's counsel's actions were not unreasonable, it follows that those acts and omissions did not prejudice the Petitioner in any way. Petitioner was aware of the consequence of pleading guilty and aware of the his option to go to trial. Petitioner entered a guilty plea with a full understanding of his options. For these reasons, the Petitioner's

claim of ineffective assistance of counsel fails to meet the high standard required.

## B. Evidentiary Hearing

A defendant requesting relief under 28 U.S.C. § 2255 is entitled to an evidentiary hearing if the petition contains "specific factual allegations not directly contradicted in the record." United States v. Birdwell, 887 F.2d 643, 646 (5th Cir. 1989) (quoting United States v. Dabdoub-Diaz, 599 F.2d 96, 100 (5th Cir. 1970). Accord Solis v. United States, 252 F.3d 289 (3rd Cir. 2001).

Here, Petitioner is not entitled to an evidentiary hearing because his ineffective assistance of counsel claim is clearly contradicted by evidence contained in the record.  The sentencing transcript shows this Court refused to have a fact finding hearing on whether Petitioner was an organizer in the conspiracy.  (R. Ans. at 7).  Instead, the Court ruled that a total offense level of 33 was appropriate with respect to sentencing Petitioner.  (Id.)  Petitioner's assertions that he played a minor role in the conspiracy are contradicted by the content of the PSR.  Clearly, it was objectively reasonable for Petitioner's counsel not to argue for the safety-valve provision based on Petitioner's potential for a four point upward adjustment.  Further, Defendant's attorney was objectively reasonable in directing Petitioner to plead guilty to transporting five kilograms of cocaine as the government could easily prove that quantity beyond a reasonable doubt.  (R. Ans. at 12).  Evidence shows Petitioner was not prejudiced by his guilty plea as the drug quantity was unquestionably in excess of five kilograms.  As such, the Petitioner's request for an evidentiary hearing is denied.

## III. CONCLUSION

For the reasons stated, Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2255 is hereby **denied**. Accordingly, there is no probable cause for appeal and there is no probable cause to issue a certificate of appealability in connection with this decision. Consequently, the matter is hereby **dismissed**.

                                         S/ Dennis M. Cavanaugh
                                         Dennis M. Cavanaugh, U.S.D.J.

Date:         July 7, 2006
Original:    Clerk's Office
Cc:          All Counsel of Record
              File